UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID W. RAUB ET AL,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No.  25-cv-04862-KAW

NOTICE REGARDING RESOURCES
AVAILABLE TO PRO SE LITIGANTS

Since you are representing yourself in this case, the Court issues this notice to you about legal resources available, the rules you need to follow, and the legal standard that applies to summary judgment motions.

## RESOURCES AVAILABLE

1. **Pro Se Handbook:** The district court's has produced a guide for pro se litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  It is available electronically online (*http://cand.uscourts.gov/prosehandbook*) or in hard copy free of charge from the Clerk's Office.

2. **Federal Pro Bono Project's Help Desk:** Make an appointment to speak with an attorney who may be able to provide basic legal assistance, but not representation.  Call (415) 782-8982 to schedule an appointment. They do not accommodate drop-ins.

## RULES OF THE COURT

Here are some basic rules of which you should be aware.  These rules, and others, are discussed in detail in the Pro Se Handbook. Therefore, this is not an exhaustive list, and you should refer to the Handbook for additional rules of court.

United States District Court
Northern District of California

1. **Civil Local Rules:** In addition to the Federal Rules of Civil Procedure, the district court has its own set of Civil Local Rules which must be followed. The Civil Local Rules are available online at *http://cand.uscourts.gov/localrules/civil*.

2. **Standing Orders:** Each judge also has their own set of standing orders, which must be followed in the cases assigned to them. The undersigned's standing orders are available online at *http://cand.uscourts.gov/kaworders*. Specifically, the General Standing Order provides clarification on many topics, including how and when to schedule hearings, the format for chambers copies of all filings, discovery, and how to communicate with the court.

3. **Consent and Declination process:** Cases in this district are directly assigned to magistrate judges when they are filed, but in order for me to continue to preside over your case from filing to final judgment, all parties must consent to my jurisdiction. What this means is that you have to file a form and formally consent to my presiding over your case, and acknowledge that any appeal of final judgment will be directly to the Ninth Circuit Court of Appeals, just as it would if a district judge presided over your case. The form is available online at *http://cand.uscourts.gov/filelibrary/1335/MJ_Consent-Declination_Form_Jan2014.pdf*. If you have any questions or need any assistance, please call Susan Imbriani, my courtroom deputy, at (510) 637-3525, and she will go over the process with you and send you a copy of the form if necessary.

4. **Electronic Filing:** If you have regular access to a computer, the internet, and an email address, you satisfy the technical requirement for e-filing, which will allow you to file documents online instead of submitting hard copies to the Clerk's Office. Court approval is no longer required. For more information, and instructions on how to register, visit https://www.cand.uscourts.gov/e-file/.

## SUMMARY JUDGMENT

No motion for summary judgment has been filed in your case, but this explains the process if a motion is filed:

If the other party in this case files a motion for summary judgment, that motion— if granted—will result in the dismissal of your case. Generally, summary judgment must be granted

United States District Court
Northern District of California

1  when there is no genuine issue of material fact for trial. What that means is that if there is no real

2  dispute about any fact that would affect the result of your case, the party who asked for summary

3  judgment is entitled to judgment as a matter of law, which ends your case.

4       Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion

5  for summary judgment. When a party you are suing makes a motion for summary judgment that

6  is properly supported by declarations (or other sworn testimony),[1] you cannot just rely on what

7  your complaint says. Instead, you must set out specific facts in declarations, depositions, answers

8  to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

9  in Defendant's declarations and documents and show that there is a genuine issue of material fact

10  for trial. If you do not submit your own evidence in opposition, the Court might— if it is

11  appropriate— enter summary judgment against you and in favor of the other party.

12       If the Court grants summary judgment in favor of the other party, your case will be

13  dismissed, and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en

14  banc). You should read Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S.

15  317 (1986) (which discusses how the party who opposes summary judgment must come forward

16  with evidence showing triable issues of material fact on every essential element of his claim).

17      **Failure to file an opposition:** If you do not file your opposition, the Court will still

18  consider whether summary judgment is appropriate under Rule 56, but your failure may be

19  construed as consent by you to this Court's granting the other party's motion for summary

20  judgment. *See* Judge Westmore's General Standing Order ¶ 22 ("The failure of the opposing party

21  to file a memorandum of points and authorities in opposition to any motion shall constitute

22  consent to the granting of the motion.") That in turn may result in the dismissal of your case

23  ///

24  ///

25

26  [1] A declaration is a statement of facts. The person making the declaration must know those facts
personally, and they must be facts that can be admitted into evidence. That means that they must

27  be facts as opposed to conclusions, argument, opinion, or inadmissible hearsay. A declaration
must be made under penalty of perjury, which means that the person making the declaration must

28  sign it and date the declaration after the following statement: "I declare under penalty of perjury
that the foregoing is true and correct. Dated _____. Signed _____."

before trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

      IT IS SO ORDERED.

Dated: June 9, 2025

KANDIS A. WESTMORE
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

### STANDING ORDER FOR
### MAGISTRATE JUDGE KANDIS A. WESTMORE
*(Revised May 20, 2024)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at *http://www.cand.uscourts.gov*. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

## CALENDAR DATES AND SCHEDULING

1.      Criminal motions are heard during the regular criminal calendar when Judge Westmore is on criminal duty, but they must be specially set during non-duty months.

   (a) Prior to noticing a criminal motion, the filing party must contact Judge Westmore's courtroom deputy via email at *kawcrd@cand.uscourts.gov* to select a hearing date.

2.      Civil motions are heard on the first and third Thursdays of the month at 1:30 p.m. Civil case management and status conferences are heard on Tuesdays at 1:30 p.m. Civil pretrial conferences are heard on Wednesdays at 2:00 p.m.

   (a) Parties should notice motions (other than discovery motions) pursuant to Civil Local Rule 7-2. Parties need not reserve a civil hearing date but should confirm the Court's availability at *http://www.cand.uscourts.gov/kaw* by consulting Judge Westmore's scheduling notes. The Court may reset hearing dates as the Court's calendar requires.

## ALL REQUESTS MUST BE IN WRITING

3.      The Court does not grant relief over the telephone or via email. All requests for relief must be filed in accordance with the local rules. Do not contact the courtroom deputy or chambers to seek relief or legal advice, including information pertaining to the local rules.

## CONSENT CASES

4.      In civil cases randomly assigned to Judge Westmore for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent *as soon as possible*, and in no event later than the deadlines specified in Civil L.R. 73-1(a).

## CHAMBERS' COPIES AND PROPOSED ORDERS

5.      Chambers copies are required for all formal motions, joint discovery letters, and motions to seal.  The Court may request chambers copies of other filings as needed.

        (a) Chambers copies must be received within 3 days of filing or the Court's request.

        (b) All chambers' copies of e-filed documents must include the running header created by the ECF System on each page and be marked "Chambers Copy" and submitted to the Oakland Clerk's Office in an envelope clearly marked "Magistrate Judge Kandis Westmore" with the case number on the envelope.

        (c) All exhibits must be clearly marked and individually tabbed.

        (d) E-filed documents must be cited in all other documents as follows: Dkt. No.__ at ___.

        (e) For motions to seal, the parties need only provide a courtesy copy of the **unredacted version** of the document sought to be filed under seal.  The unredacted version must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The unredacted copy must be presented in the same form as if no sealing order was being sought. In other words, if a party is seeking to file under seal one or more exhibits to a declaration, or portions thereof, the chambers copy should include the declaration with both exhibits that require no redaction and the exhibits that require redaction.

6.      Any party filing a dispositive motion shall email a copy of the motion in Word format (.doc or .docx) to *kawpo@cand.uscourts.gov.*  This is in addition to the lodged, chambers copy.

7.      Proposed orders filed by an e-filing party shall be submitted in Word format (.doc or .docx) via email to *kawpo@cand.uscourts.gov* on the same day the document is e-filed. This requirement also applies to stipulations that require court approval, which must include a proposed order on the face of the stipulation. This email address should only be used for this stated purpose unless otherwise directed by the Court.

## CIVIL CASE MANAGEMENT

8.      No later than seven (7) days prior to the any scheduled case management or status conference, the parties shall file a Joint Case Management Statement in full compliance

2

with the Northern District of California's General Standing Order for civil cases entitled "Contents of Joint Case Management Statement."  The parties shall appropriately caption their filing to read: "Initial Joint Case Management Statement" or "Further Joint Case Management Statement" as appropriate. The parties are required to file a complete case management statement for every case management conference, and they are not permitted to file abbreviated statements.

9.    Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval.  Each party shall be represented at the Case Management Conference by lead trial counsel (or a party if *pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's General Standing Order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.

(a) <u>All Case Management Conferences will be held via videoconference unless otherwise ordered.</u> Connection information is available on the Court's website: https://cand.uscourts.gov/judges/westmore-kandis-a-kaw/

(b) <u>Unless otherwise ordered, all civil court proceedings, with the exception of pretrial conferences and trial, will be held via videoconference.</u>

10.    All motion hearings, case management, status and pretrial conferences are recorded.  They are not reported by a court reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY

11.    Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California.  A copy of the Local Rules is available at the Clerk's Office and at the Court's website *(http://www.cand.uscourts.gov)*.  No exceptions to the limitations established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

12.    <u>Protective Orders:</u> If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at *https://cand.uscourts.gov/forms/model-protective-orders/*).  Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with

3

the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

13. <u>Meet and confer requirement for discovery disputes.</u> As an initial matter, the parties must comply with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery (available at *https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/*).

    (a) Prior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer **in person or by video conference**, if an in-person conference is not feasible, regarding the discovery dispute(s) to resolve these matter(s). (Meet and confers may only occur by telephone if it is impossible to meet in person or by video.) After attempting other means to confer on the issue(s) (i.e., letter, phone call, email), any party may demand such a meeting on ten (10) business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. **The failure to meaningfully comply with the meet and confer requirement will result in the termination of the discovery dispute.**

    (b) If unable to resolve all disputes through this procedure, the party seeking Court intervention may file an appropriate motion[1] or joint letter (*see* ¶ 14 below).

14. <u>Discovery disputes between the parties must be addressed in a joint letter.</u>

    (a) After meeting and conferring as set forth in ¶ 13 above, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session that contains the following:

        i. A cover page with the case caption and an attestation that the parties met and conferred <u>in person or by video conference</u> (or, if telephonically, with an additional explanation for why it was not feasible to meet in person or by video) prior to filing the letter, have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter, as well as the signature of both parties or counsel;

        ii. A section which sets forth the unresolved dispute and any pertinent factual background; and

---

[1] A motion is only appropriate to address a dispute with a third party.

iii.  With respect to each issue relating to the unresolved dispute, a detailed
summary of each party's final substantive position and their final
proposed compromise on each issue, including relevant legal authority.

(b)  Separate Letters. The parties shall file a separate joint letter for each
discovery device in dispute (i.e., if the parties have disputes regarding
specific interrogatories and requests for production, they must file two
letters).

i.  The joint letter shall not exceed five (5) pages, excluding the cover page,
without leave of Court, and may not be accompanied by exhibits or
affidavits other than exact copies of interrogatories, requests for
production of documents and/or responses, privilege logs, and relevant
deposition testimony.

ii.  The parties may only attach 12 pages of exhibit(s), which must be clearly
marked and tabbed.

iii.  The parties shall not file multiple letters regarding the same discovery
device to contravene the page limits set forth above. The parties are
expected to meet and confer in good faith to narrow the scope of their
disputes to ensure that they are not wasting the Court's limited judicial
resources.

(c)  Filing. The joint letter must be e-filed under the Civil Events category of
"Motions and Related Filings>Motions--General>Discovery Letter Brief."
Do not file under the "Letter" event, because the filing will not be designated
as an open motion that requires court resolution. If the joint letter is
incorrectly filed, the parties risk the dispute going unresolved.

(d)  Format. To ensure that the parties are addressing the same dispute, and are
doing so in a manner that facilitates the Court's resolution, each disputed
discovery request or issue must be presented in the following format:

**A.      Request for Production No. 7**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief
requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.]

**B.      Request for Production No. 12**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.]

(e) Upon receipt of the joint letter, the Court will determine what future proceedings, if any, are necessary. Alternatively, the Court may order the parties to further meet and confer if the nature of the dispute is such that it should be resolved without court intervention.

(f) The parties shall lodge a chambers' copy of all discovery disputes as required by ¶ 5. The Court will not review the dispute until a courtesy copy is provided.

15.      In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

16.      To the maximum extent feasible, all files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

17.      In the rare event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference on the docket for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times at which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration, but the declaration and exhibits combined may not exceed seven pages. The Court will not

6

excuse a party from the requisite in-person or videoconference meeting unless good cause is shown.

18.    In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

19.    No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 13-17 above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-3.

**Privilege Logs**

20.    If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed. R. Civ. P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

  (a) The title and description of the document, including number of pages or Bates-number range;

  (b) The subject matter addressed in the document;

  (c) The identity and position of its author(s);

  (d) The identity and position of all addressees and recipients;

  (e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

  (f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

  (g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

## <u>COMMUNICATIONS WITH THE COURT</u>

21.    Pursuant to Civil Local Rule 11-4(c), with the exception of communication with the courtroom deputy regarding scheduling, no party may contact the Court *ex parte* without prior notice to the opposing party. All communications or questions to the Court shall be presented in writing, properly filed, and include a certification that all parties were served a copy

of the written communication. Under no circumstances shall the parties contact chambers or the courtroom deputy to inquire about the status of when an order will be issued.

## MOTION PRACTICE

22.     The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.

23.     The Court sometimes rules on the papers, issuing a written order and vacating the hearing.  If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument (or at least the lion's share), then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.

## OTHER MATTERS

24.     Pronouns. Parties and attorneys may advise the Court of their pronouns by filing a letter or by adding their pronouns in the name block on the first page of the pleadings.


IT IS SO ORDERED.

Dated:  May 20, 2024

KANDIS A. WESTMORE
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David w. Raub et al, | Case No.  25-cv-04862-KAW |
|         Plaintiff, | |
|     v. | **WAIVER OF SERVICE** |
| | **OF A SUMMONS** |
| United States of America, | |
|         Defendant. | |

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

My name: _____   Counsel for (or "Pro Se"): _____

Signature: _____   Address: _____

Phone: _____   _____

Today's Date: _____   Email address: _____

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David w. Raub et al,<br><br>        Plaintiff,<br><br>   v.<br><br>United States of America,<br><br>        Defendant. | Case No.  25-cv-04862-KAW<br><br>**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS** |

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Enclosed is a self-addressed, stamped envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service. **Please read about the duty to avoid unnecessary expenses at the foot of the waiver form.**

I certify that this request is being sent to you on the date below.

DATE: _____       NAME: _____

                                         _____
                                               *Signature*

                    COUNSEL FOR
                    (OR "PRO SE"): _____

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT OF CASE
## TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to a Magistrate Judge.

With written consent of all parties, a magistrate judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions; appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)

You have been provided with a form to indicate whether you consent to proceed before the assigned magistrate judge or decline to proceed before the assigned magistrate judge. You are free to withhold consent without adverse consequences. If you decline, the case will be reassigned to a district judge.

If you are the plaintiff or removing party in this case, you must file your consent/declination form within 14 days of receipt of this notice. Each other party must file its consent/declination form within 14 days of appearing in the case.

The plaintiff or removing party must serve a copy of this notice upon all other parties to this action.

FOR THE COURT

Mark B. Busby
Clerk, United States District Court